# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Charity S.,

                Plaintiff,

v.

Frank Bisignano
*Commissioner of Social Security*,

                Defendant.

Case No. 25-cv-02629 (ECW)

**ORDER**

The above matter came before the Court on May 29, 2026, on Plaintiff's Brief seeking an order reversing the Commissioner's denial of benefits and remanding this matter to the Commissioner for further proceedings (Dkt. 15) and Defendant's SSA Brief seeking an order affirming the Commissioner's denial of benefits (Dkt. 19).

Based on the files, records and proceedings herein, and for the reasons stated on the record at the May 29, 2026 Announcement of Decision, **IT IS ORDERED THAT:**

1. Plaintiff's Brief seeking an order reversing the Commissioner's denial of benefits and remanding this matter to the Commissioner for further proceedings (Dkt. 15) is **GRANTED**.

2. On remand, the Commissioner must:

   a) Revisit the finding by the Administrative Law Judge ("the ALJ") at page 29 of the administrative record[1] (page 6 of the ALJ's opinion) that:

      > The undersigned has also considered whether the 'paragraph C' criteria are satisfied. In this case, the evidence fails to establish the presence of the 'paragraph C' criteria as there is

---

[1]    The Court cites to the administrative record using "R. __."

no evidence of a need for treatment in a highly structured setting or only marginal adjustment.

(R. 29.)

In doing so, the Commissioner must consider the evidence in the record as a whole relating to marginal adjustment, that is, to Plaintiff's adaptation to the requirements of daily life and capacity to adapt to changes in her environment or to demands that are not already part of her daily life. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.00 (G)(2)(c). The Commissioner must also consider the variable nature of symptoms of mental illness. *See Mabry v. Colvin*, 815 F.3d 386, 392 (8th Cir. 2016) ("Because individuals with a mental illness may experience periods during which they are relatively symptom-free, their level of functioning can vary significantly over time.") (citing 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.00(D)). The Commissioner must then explain the decision as to paragraph C2 in a manner that permits a court to understand the rationale, including with appropriate citations to the record and discussion of the evidence.

b) Revisit the ALJ's decision to discount the opinions of treating psychologist Cheryl Sybesma Van Noord, PhD, as to Plaintiff's disassociation and memory. In doing so, the Commissioner must consider the evidence in the record where Plaintiff reported disassociation, Plaintiff reported concerns about disassociation, and disassociation was documented (*e.g.*, R. 496, R. 511, R. R. 918, R. 921, R. 925, R. 1020, 2620, R. 2606-07, R. 2453) and evidence in the record of Plaintiff's impaired memory (*e.g.*, R. 568-619, R. 1928-2117). The Commissioner must also revisit the conclusion that:

> Further, while [Plaintiff] has required a range of community assistance from multiple angles and in multiple areas of her life, this support was only secured after the claimant advocated for herself and obtained this assistance with persistence and some level of organizational acumen. Indeed, her very need for this care shows a clear level of dysfunction, but her ability to marshal services on her behalf tends to show some resourcefulness and flexibility as well.

(R. 31.)

If the Commissioner continues to rely on Plaintiff's receipt of "community assistance" (e.g., the assistance from Adult Rehabilitative

2

Mental Health Services, Nice Rooms Associate peer support services, Individualized Home Supports services, and Community Access for Disability Inclusion services), to discount Dr. Van Noord's opinions as to Plaintiff's memory limitations, the Commissioner must identify evidence supporting the ALJ's conclusions as to Plaintiff's "persistence," "organizational acumen," and "ability to marshal resources" other than the fact that Plaintiff receives those services.

c) Revisit the weight assigned to Plaintiff's statements concerning the intensity, persistence, and limiting effects of her mental health symptoms in view of paragraphs (a) and (b) above, as well as the record as a whole.

d) Revisit the Residual Functional Capacity ("RFC") in view of paragraphs (a), (b), and (c) above, and address whether the RFC should include the state agency administrative findings limiting Plaintiff to 1-2 step tasks and superficial interactions and Dr. Van Noord's opinion limiting Plaintiff to superficial interactions, both of which the ALJ found persuasive (R. 34), and, if the Commissioner finds those limitations should not be included in the RFC, explain the reasoning.

3. Defendant's SSA Brief seeking an order affirming the Commissioner's denial of benefits (Dkt. 19) is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: May 29, 2026                    /s/ *Elizabeth Cowan Wright*
                                       ELIZABETH COWAN WRIGHT
                                       United States Magistrate Judge

3